# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YAKOV DRABOVSKIY, | : | |
| | : | Civil No. 4:10-CV-2226 |
| Petitioner, | : | |
| | : | (Judge McClure) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| WARDEN, FCI ALLENWOOD, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

**I.     Statement of Facts and of the Case**

Two months ago, on August 31, 2010, Yakov Drabovskiy, a federal prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which recited that the Petitioner was an inmate currently incarcerated at the Federal Correctional Institution, Allenwood, where he is serving a five-and-one-half year sentence, following a federal conviction in the United States District Court for the Western District of Louisiana. Drabovskiy v. Mr. Ebbert, No. 4:10-CV-1830. The Petitioner's pleading sought to collaterally challenge this conviction, and further attempted to stymie anticipated future efforts at deportation of the Petitioner upon completion of his current federal sentence.

While the Petitioner sought a writ of habeas corpus to overturn his federal criminal conviction, he admitted that he was also currently appealing this case to the

United States Court of Appeals for the Fifth Circuit, and acknowledged that this case was pending review in the appellate courts. The Petitioner also conceded that he had not made any effort to pursue the typical legal avenue for collaterally challenging a conviction in federal court, a motion to vacate sentence under 28 U.S.C. § 2255. Thus, the Petitioner's § 2241 petition was explicitly premised on a notion of judge-shopping, and a desire to re-litigate identical claims in multiple forums.

Because we concluded that this matter was not appropriately brought as a habeas petition under 28 U.S.C. § 2241, we recommended that this petition be denied, and the Petitioner be instructed to bring such claims as he may have, either on direct appeal, or by bringing them to the attention of the sentencing judge by following the procedures prescribed by law under 28 U.S.C. § 2255. This recommendation was adopted by the district court and Drabovskiy's petition was dismissed on September 15, 2010.

Undeterred, Drabovskiy has filed a new petition repeating similar claims, in a similar, and procedurally inappropriate, posture. (Doc. 1.) Since Drabovskiy's new petition continues to suffer from all of the same procedural flaws that marred his prior petition, it should face the same legal fate, dismissal. Accordingly, for the reasons set forth below, it is recommended that this petition be dismissed.

## II.     Discussion

### A. This Petition Should Be Dismissed Since It Does Not Meet the Prerequisites for Habeas Relief Under 28 U.S.C. § 2241.

#### 1. This Petition Must Be Dismissed as an Unauthorized Successive Petition

In this case, we find that the Petitioner still has not made out a valid case for pursuing habeas relief in lieu of either a direct appeal of his conviction or a motion to correct sentence under 28 U.S.C. § 2255. This showing is a prerequisite for a successful habeas petition in this particular factual context. Therefore, since the Petitioner has not made a showing justifying habeas relief at this time, this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)").

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Judged against these standards, Drabovskiy's petition fails for at least four reasons. First, the Petitioner's efforts to re-litigate this habeas claim runs afoul of the statute governing such claims, 28 U.S.C. §2244(a), which provides in part that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244

In this case, the instant petition is undeniably a successive petition which has previously been rejected by this Court, and has not been properly authorized by the court of appeals as a second and successive petition. In such situations, summary dismissal of the petition is appropriate. See Graham v. Warden, FCI Allenwood, 348 F.App'x 706 (3d Cir. 2009).

### 2. The Petitioner Must Exhaust His Direct Appeals

In addition, to the extent that the Petitioner continues to turn to a writ of habeas corpus under § 2241 to challenge his conviction and sentence, it is axiomatic that the Petitioner must still exhaust his available remedies before urging a court to invoke the extraordinary writ of habeas corpus. Thus, although 28 U.S.C. § 2241 contains no express exhaustion requirement, "[o]rdinarily, federal prisoners are required to

4

exhaust their [other] remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241." Gambino v. Morris, 134 F.3d 156, 171 (3d Cir.1998); see also, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir.2000); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir.1981). This exhaustion requirement has long been imposed and reaffirmed by the courts in a wide array of factual settings. See,e.g., Callwood v. Enos, 230 F.3d 627 (3d Cir. 2000)(exhaustion requires completion of direct appeal); Grant v. Hogan, 505 F.2d 1220 (3d Cir. 1974).

These exhaustion rules serve an important and salutary purpose. The United States Court of Appeals for the Third Circuit requires exhaustion of a claim raised under § 2241 for three reasons: (1) it allows development of a factual record which facilitates judicial review; (2) it permits others to grant the relief requested, conserving judicial resources; and (3) it provides others the opportunity to correct their own errors. Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir.1996); see also Gambino, 134 F.3d at 171; Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir.1988).

In this case, to the extent that the Petitioner is challenging his federal conviction, that claim is plainly unexhausted, since the Petitioner admits that his direct appeal is still pending. Given the obviously unexhausted nature of this petition it should be denied without prejudice while the Petitioner pursues his direct appeal.

### 3. The Petition Should be Brought Under § 2255 in the District of Conviction

Further, to the extent that the Petitioner still wishes, after exhausting his direct appeal, to further challenge his conviction and sentence, it is clear that he must do so through a motion brought before the sentencing court under 28 U.S.C. § 2255, and not through a habeas petition under § 2241. Indeed, it is well-settled that: "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a sentence, is by way of a motion filed under 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). See also United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255).

Section 2255 specifically provides the remedy to federally-sentenced prisoners that is the equivalent to the relief historically available under the habeas writ. See Hill v. United States, 368 U.S. 424, 427 (1962) (stating, "it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district

where the prisoner was confined"). Therefore, as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). It is clear that "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)) In sum, Section 2255 motions are now the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack; see Davis v. United States, 417 U.S. 333, 343 (1974), and federal inmates who wish to challenge the lawfulness of their sentences must typically file motions under § 2255.

This general rule admits of only one, narrowly-tailored, exception. A defendant denied relief under §2255 is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful

detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. Furthermore, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, the representations that the Petitioner makes in his latest petition do not demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate. None of the Petitioner's claims fall within the narrow exception outlined in Dorsainvil, in which § 2241 relief could be available in lieu of a motion under 28 U.S.C. §2255. In Dorsainvil, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. Dorsainvil, 119 F.3d at 251.

This successive petition simply does not demonstrate that this narrow exception has any legitimate application to the instant proceedings. Instead, the Petitioner still seeks habeas relief simply because he was displeased by the trial court's prior rulings on these matters. Thus, Petitioner's current § 2241 petition continues to be premised on a notion of judge-shopping, a desire to repeatedly re-litigate identical claims in multiple forums. Such a claim is plainly inadequate as an excuse for foregoing the proper course of litigating collateral challenges to a petitioner's federal conviction, and, therefore, this request must be rejected by this court. Manna v. Schultz, 591 F.3d 664 (3d. Cir. 2010).

### 4. To the Extent that the Petition Challenges Immigration Custody it is Premature.

Finally, we note that some of the averments in this petition continue to suggest that the Petitioner is attempting to preemptively challenge what he expects to be deportation and removal proceedings following service of his federal sentence. To the extent that the Petitioner seeks to invoke habeas relief at this time, while he is serving a federal criminal sentence, to preemptively litigate what he anticipates to be future immigration detention, his petition is premature and must fail.

Habeas jurisdiction under § 2241 to challenge immigration actions only extends to persons who are actually "in custody" of immigration officials. When a prisoner serving a federal sentence seeks to challenge his future anticipated

9

immigration detention and removal, courts have uniformly held that the district court lacks jurisdiction to entertain such challenges since:

> According to most courts which have considered the custody question, a prisoner who is serving a criminal sentence is not in [immigration] custody simply because the [immigration officials have] lodged a detainer against him with the prison where he is incarcerated. See Garcia-Echaverria v. United States, 376 F.3d 507, 510-11 (6th Cir.2004); Zolicoffer v. United States Department of Justice, 315 F.3d 538, 541 (5th Cir.2003)

Green v. Apker, 153 F.App'x 77, 79 (3d Cir. 2005).

This settled legal tenet continues to control here and compels dismissal of this petition as premature, to the extent that the petition invites us to examine future immigration actions which may flow from the Petitioner's federal conviction following service of his sentence.

In short, no matter how we construe this petition it is either unexhausted, procedurally inappropriate, or wholly premature. Therefore, the petition should be dismissed.

### III. RECOMMENDATION

For the reasons set forth above, it is RECOMMENDED that the Court summarily deny this petition for a writ of habeas corpus (Doc. 1) as premature, unexhausted and procedurally inappropriate.

Petitioner is placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: November 1, 2010